### PEOPLE *v.* COLEMAN

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 January 5, 1970, at Detroit. (Docket No. 6,908.) Decided January 28, 1970.

Julius Albert Coleman was convicted by a jury of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*M. John Shamo* and *Thomas J. Olejnik,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

PER CURIAM. In this appeal, defendant attacks his conviction and sentence for armed robbery* on the basis that the pretrial lineup identification was so unfair that he was denied due process of law. Defendant also asserts that the trial court committed a reversible error by coercing or influencing

---

* MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797).

the jury in arriving at a verdict because of instructions given after the jury began deliberating.

On review of the record, we find that on the totality of the circumstances surrounding the three lineups involved, they were not unnecessarily suggestive and conducive to irreparable mistaken identification so as to deny defendant due process of law. *Stovall* v. *Deno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199).

The language of the instruction given subsequent to deliberation which defendant says is reversibly coercive or influential is:

"Jurors have no right to indulge in surmises or conjectures, on subjects concerning which no evidence has been offered. They are bound to the testimony for their sole guide. But in conferring together, you ought to pay proper respect to each other's opinions and listen with a disposition to be convinced to each other's arguments.

"* * * if, much the larger number of your panel are for conviction, a dissenting juror should consider whether a doubt in his own mind is a reasonable one, which makes no impression upon the minds of so many men and women equally honest, equally intelligent as himself or herself, as the case may be; and who have also heard the same evidence with the same attention with equal desire to arrive at the truth and under the same sanction of the same oath."

Similar language was approved in *People* v. *Chivas* (1948), 322 Mich 384.

Affirmed.