## PEOPLE v HARDAWAY

1. Criminal Law—Instructions to Jury—Departure from Standard—Substantial Departure—Appeal and Error.

   A defendant who states at trial that he is satisfied with the instructions given the jury has not preserved for appeal a later claim that the instructions were reversibly erroneous because they departed from standard jury instructions; error, when properly raised, will be found in such a case only where the charge was a "substantial" departure from standard jury instructions.

2. Burglary—Aiding and Abetting—Instructions to Jury—Record—Evidence.

   A charge to a jury that a criminal defendant could be found guilty of the charged crime of breaking and entering if he was found to have aided or abetted in the crime was not error where the record revealed facts upon which the jury could find the defendant guilty either as a principal, as an accessory, or as both.

3. Criminal Law—Evidence—Destruction of Evidence—Police Departmental Tapes—Intent—Department Policy—Instructions to Jury—Appeal and Error.

   A prosecutor may not intentionally destroy evidence which he alone decides is immaterial, but there was no reversible error because of the destruction of tapes of a police broadcast of a suspect's description at the time of the charged offense where the tapes where erased pursuant to a police departmental policy of erasing such tapes within 30 days, they were not erased for the purpose of destroying evidence in the forthcoming trial, and the court instructed the jury that they could infer that the tapes would have been adverse to the prosecution.

Appeal from Wayne, Thomas Roumell, J. Sub-

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 545.

[2] 13 Am Jur 2d, Burglary §§ 67–72.

[3] 29 Am Jur 2d, Evidence §§ 276, 278, 292.

mitted January 16, 1976, at Detroit. (Docket No. 24199.) Decided January 27, 1976.

Ralph Hardaway was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Barry A. Siegel,* Assistant Prosecuting Attorney, for the people.

*Anthony C. Lutostanski,* for defendant.

Before: McGREGOR, P. J., and BASHARA and ALLEN, JJ.

ALLEN, J. Defendant, charged with breaking and entering the Allstate Auto Wash, a business establishment in Dearborn, Michigan, with intent to commit larceny therein, MCLA 750.110; MSA 28.305, was found guilty by a jury and sentenced to a term of 5 to 10 years in prison. On appeal he raises an issue of first impression, *viz.* was defendant denied his right to meaningful cross-examination when tapes of police broadcasts made at the time of the offense were erased prior to trial based on a police departmental policy of erasing such tapes within 30 days. Defendant also advances two other grounds for reversal which we briefly discuss in advance of the issue of first impression.

Citing *People v Sullivan,* 392 Mich 324, 334; 220 NW2d 441 (1974), defendant contends reversible error occurred because the trial court substantially departed from the American Bar Association standard jury instructions. We reject this claim. De-

fendant stated he was satisfied with the instructions given and thus the issue is not preserved on appeal. *People v Teaque,* 57 Mich App 347; 225 NW2d 761 (1975), *People v Szymarek,* 57 Mich App 354; 225 NW2d 765 (1975). Even if defendant had raised an objection, we would find no error for the multiple reasons noted below.[1]

Defendant was charged as a principal in a breaking and entering. When charging the jury, the trial judge stated that defendant could be found guilty if he was found to have aided or abetted.[2] Since other persons were involved in the offense, defendant claims the charge was error. Again, we note that exception was not taken to the instructions and consequently the issue is not preserved on appeal. Additionally, we find that this same objection was rejected by this Court in *People v Lamson,* 44 Mich App 447; 205 NW2d 189 (1973). See also *People v Dockery,* 20 Mich App 201; 173 NW2d 726 (1969). Indeed, the record

---

[1] *People v Sullivan, supra,* was primarily directed at the coerciveness of an *"Allen"* type charge given *after* the jury deadlocked. In the instant case the charge was given before the jury retired but later reported it was unable to reach agreement. As to the *"Allen"* type charges given before the jury retired *People v Sullivan* did not hold per se error but held that error would be found only where the charge was a "substantial" departure from the standard ABA jury instruction. In this connection we find that contrary to defendant's contention the trial court did instruct that (a) the verdict must be unanimous, (b) the jury should listen to one another's opinion (c) the jury should arrive at the truth as required by oath. Admittedly, the trial court did not explicitly instruct that no juror should surrender his honest conviction solely because of the opinions of other jurors but the court did include instructions that the jury should arrive at their verdict strictly on the basis of the evidence. A charge of like wording was found to be without error in *People v Coleman,* 21 Mich App 193; 175 NW2d 308 (1970). Thus we do not find the charge as given a "substantial" departure from the ABA standard jury instructions.

[2] The trial judge charged the jury that: "Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, commits, aids or abets in its commission, may thereafter be prosecuted, indicted, tried and on conviction, shall be punished as if he had directly committed such offense."

reveals facts upon which the jury could find defendant guilty either as a principal or as an accessory or as both.

We now turn to the main issue. Three police officers arrived at the auto wash while the offense was taking place. Officer LaFrinere saw one man (later identified as James Price) jump from a rear window. The officer gave chase but was unable to apprehend this man. Officers Palka and Szczygiel testified they saw defendant in the car wash building crouching by a cigarette machine. Moments later Szczygiel saw defendant and another man run out of the rear of the building heading south on the sidewalk whereupon Szczygiel made two radio broadcasts in which he described defendant as a black male with a pulled down hat and a short brown jacket. The broadcast was heard by a fourth officer some distance away who, later, while driving through a restaurant parking lot, saw a man matching defendant's description. Defendant was then apprehended. Counsel for defendant subpoenaed the tapes prior to trial but found they were unavailable by reason of the routine departmental policy to erase broadcast tapes 30 days after their making.. Over the prosecutor's strenuous objection the court gave an instruction favorable to defendant as follows:

"When court reconvened, the court and defense counsel were informed that said tapes had been erased after thirty days of storage, per police department policy and the supervisor of communications so testified. The prosecution has failed to produce subsequent to subpoena the tape, a police broadcast allegedly identifying the defendant. *You may infer that this evidence could have been adverse to the prosecution.*"

Defendant argues that despite the favorable in-

struction, defendant was prejudiced since Szczygiel's testimony of seeing two men was inconsistent with LaFrinere's testimony of seeing one man and also because a playback of the tapes might disclose that Szczygiel identified defendant as wearing something other than a pulled down hat and a short brown jacket. In support of this claim of error, counsel cites *Birkla v State,* — Ind —; 323 NE2d 645 (1975), *People v Poe,* 388 Mich 611; 202 NW2d 320 (1972), and *People v Bendix,* 58 Mich App 276; 227 NW2d 316 (1975).

The argument is implausible and the cases cited are distinguishable. Had Szczygiel's broadcast of defendant's description been different than that to which he testified at trial, the officer who overheard the radio broadcast would have had no reason to arrest defendant. If defendant were prejudiced by the tape erasure, he was no more prejudiced than the prosecution which was deprived of corroborative testimony once defendant raised the issue. No claim is made that the erasure was deliberately designed to deprive defendant of evidence in this particular case. Furthermore, defendant gained an advantage in that the trial court's instruction was given despite strong objections by the people.

*Poe, supra,* holds only that the police should retain their original written notes and records, especially those made at the scene. In the instant case we are not dealing with written notes. *Birkla, supra,* holds that a prosecutor may not intentionally destroy evidence which he alone decides is immaterial. The decision to erase the tapes was not made by the prosecutor but was part of routine departmental policy. *Bendix, supra,* though not directly in point is more favorable to plaintiff than defendant. There, a box allegedly containing

the stolen items had been returned by the police to the store from which the items had been stolen. Defendant claimed the prosecutor's failure to produce the evidence constitutes suppression of evidence. In affirming the conviction, this Court held that since the loss of the evidence was not intentionally done by the police there was no error. In the instant case the tapes were not intentionally destroyed by the police for the purpose of erasing evidence in defendant's forthcoming trial. See also *United States v Coplon,* 185 F2d 629, 637 (CA 2, 1950).[3]

Affirmed.

---

[3] Judge Learned Hand held that where certain telephone "taps" made in the government's case against Judith Coplon were destroyed in accord with a usual practice of the government, no error was committed.