PEOPLE v ALBERT

Docket No. 77-4082. Submitted January 10, 1979, at Lansing.—Decided April 2, 1979.

Defendant Keith Albert was convicted of armed robbery in the Washtenaw Circuit Court, Ross W. Campbell, J. During the investigation an investigating officer intentionally destroyed a taped confession of one of the perpetrators who subsequently negotiated a lesser charge in return for testifying against the defendant and testified at the trial of defendant. The destroyed confession was the first confession of the witness and failed to implicate the defendant in the crime. Defendant appeals. *Held:*

The intentional destruction by a police officer of evidence favorable to a defendant mandates reversal of his conviction. The destruction of the first confession of the witness deprived the defendant of a powerful tool in cross-examining and impeaching that prosecution witness, seriously impairing the defendant's constitutional right to confront. The testimony of that witness will be suppressed on retrial.

Reversed.

CRIMINAL LAW — POLICE MISCONDUCT — DESTRUCTION OF EVIDENCE.

The intentional destruction by a police officer of evidence favorable to a defendant mandates reversal of his conviction, and, where the destruction of that evidence deprived the defendant of a powerful tool in cross-examining and impeaching a key prosecution witness, seriously impairing the defendant's constitutional right to confront, the testimony of that witness should be suppressed on retrial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *James S. Sexsmith,* Senior Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE

29 Am Jur 2d, Evidence § 292.

*Josephson & Fink,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and M. F. CAV-
ANAGH and C. J. HOEHN,* JJ.

V. J. BRENNAN, P.J. Defendant, Keith D. Albert,
was charged with the armed robbery of Edward
Nicholas, Jr., in violation of MCL 750.529; MSA
28.797. On August 18, 1977, following a jury trial
defendant was found guilty as charged. On Sep-
tember 9, 1977, defendant was sentenced to 15
months to 5 years in prison, with credit for 27
days already spent in jail. Defendant appeals as of
right.

Defendant raises four issues—the first of which
warrants reversal.

The case involved misconduct by a police officer
in destroying a tape-recorded statement of a prose-
cution witness, which admittedly was beneficial to
the defendant. It was the prosecution's theory that
the armed robbery which occurred at Putnam Hall
on the Eastern Michigan University campus was
perpetrated by Thornton Logan, Willy Franks and
Christopher Hayes. The defendant, being an ac-
complice, drove the perpetrators to the building,
showed an escape route and drove the get-away
car.

The defendant testified that he took the various
individuals to the Putnam dormitory in order to
buy marijuana so as to keep Logan's mind off
criminal activity.

Logan testified on behalf of the prosecution as
part of a plea bargain wherein he was allowed to
plead guilty to the lesser charge of assault with
intent to commit robbery while armed. Logan

---

* Circuit judge, sitting on the Court of Appeals by assignment.

testified to defendant's direct involvement in the crime.

During Logan's cross-examination it was disclosed that on February 3, 1976, 2-1/2 weeks after the robbery, he was arrested and made a taped confession to Sergeant Garland of the Eastern Michigan University Police Department. This statement described the events of the evening in question but did not implicate defendant as a participant in the robbery. On February 5, 1976, a second statement was made by Logan and taped by Sergeant Garland wherein the defendant was implicated.

The first tape-recorded confession was "discarded" by Sergeant Garland. It is the destruction of this statement and its unavailability at trial which defendant claims warrant reversal.

This Court in *People v Amison,* 70 Mich App 70; 245 NW2d 405 (1976), detailed the impact of loss of evidence through actions of the police or prosecutor. The following quote from *People v Amison, supra,* pp 79-80, represents a concise articulation of Michigan law on point:

"This Court has uniformly held that, absent intentional suppression or a showing of bad faith, the loss of evidence which occurs before a defense request for it does not mandate reversal. *People v Eddington* [53 Mich App 200; 218 NW2d 831 (1974)], *People v Bendix,* 58 Mich App 276; 227 NW2d 316 (1975), *People v McCartney,* 60 Mich App 620; 231 NW2d 472 (1975). This Court has also held that the * * * [destruction of taped police broadcasts regarding a defendant's description under the routine departmental policy of erasing broadcast tapes 30 days after their making] where the purpose is not to destroy evidence for a forthcoming trial, does not mandate reversal. *People v Hardaway,* 67 Mich App 82; 240 NW2d 276 (1976). It is only where this Court has found that there was no effort made to

preserve the evidence initially, *People v Anderson,* 42 Mich App 10; 201 NW2d 299 (1972), *remanded on other grounds,* 391 Mich 419; 216 NW2d 780 (1974), or where there was the possibility that certain test results may have been actually suppressed, *People v Drake* [64 Mich App 671; 236 NW2d 537 (1975)], that this Court has found possible suppression mandating reversal."

The pertinent inquiry in the present case is whether the action of Sergeant Garland in "discarding" the tape-recorded confession was performed in bad faith or for the purpose of destroying evidence for a forthcoming trial. *People v Kelson,* 71 Mich App 410; 248 NW2d 564 (1976); *People v Hardaway, supra.* Our inquiry need go no further than the following colloquy between the defense attorney and Sergeant Garland:

Mr. Pitts: "Q: Sure. He [Logan] indicated something about a previous tape or previous statement, correct?
Sgt. Garland: "A: Correct.
"Q: Where is that?
"A: It was discarded.
"Q: Why did you discard it?
"A: Because *it had no relevancy. He wanted to change his testimony.*
"Q: That was an opinion that you made and a decision that you acted upon, correct?
"A: It was at his request that I—
"Q: To throw it away?
"A: To discard anything that he had said.
"Q: But you don't always do what a person tells you to do, certainly not a suspect, do you?
"A: *It wasn't anything that I wanted to hear.*
"Q: It wasn't anything you wanted to hear?
"A: No.
"Q: *Do you know whether or not someone else wanted to hear it?*
"A: *Probably you.*
"Q: *Now, it becomes important to me to hear, right?*

"A: *Right.*
"Q: All right. You no longer have it. *We don't know what he said, right?*
"A: *Correct.*"

From the above we can only conclude that the intentional destruction of the evidence occurred with knowledge of its importance to the defendant herein. Bad faith has therefore been shown. Such conduct on the part of investigating officers cannot be tolerated and reversal of defendant's conviction is mandated.

The present case presents a unique problem on remand. In most cases the proper remedy is retrial allowing the introduction of the suppressed evidence. Here that evidence has been destroyed.

The significance of this destroyed evidence is that the defendant is deprived of a powerful tool in cross-examining and impeaching the key prosecution witness. In our judicial system the right of cross-examination is more than a desirable rule of trial procedure. "It is implicit in the constitutional right of confrontation, and helps assure the 'accuracy of the truth-determining process'." *Chambers v Mississippi,* 410 US 284, 295; 93 S Ct 1038; 35 L Ed 2d 297 (1973).

Since the prior statement of the witness was destroyed with details of its contents unknown it cannot be used to impeach the witness. The defendant's constitutional right to confront is seriously impaired. Accordingly, in order to fully afford defendant his right to confront and cross-examine witnesses against him, on retrial the testimony of Thornton Logan is to be suppressed. This remedy is severe, however, the reprehensible conduct of the police officer in the case at bar warrants such action.

The three other issues raised by defendant are without merit and do not warrant discussion here.

Reversed.