PEOPLE v GIBSON

Docket No. 54675. Submitted March 8, 1982, at Detroit.—Decided April 23, 1982. Leave to appeal denied, 414 Mich 889.

Gerald Gibson was convicted by a jury in Detroit Recorder's Court of first-degree felony murder, assault with intent to commit armed robbery, and possession of a firearm during the commission of a felony and was sentenced, Henry L. Heading, J. Defendant appeals. *Held:*

1. The trial court abused its discretion in ruling that it would suppress evidence of defendant's prior convictions if defendant would agree not to impeach the prosecution's chief witness. Defendant was placed in a position where the suppression issue rested upon his trial strategy decision. Such action by the trial court was improper. Defendant's conviction must be reversed.

2. Defendant's convictions for felony murder and assault with intent to rob while armed violate the constitutional prohibitions against double jeopardy.

3. The trial court did not abuse its discretion in not allowing into evidence a statement made by a woman two days after the shooting incident in this case. The woman died prior to trial and the statement did not readily fall into any exception to the hearsay rules and lacked sufficient indicia of reliability to allow admission.

4. Defendant's right to due process was not violated when certain longhand notes taken by a police officer during interviews with the prosecution's chief witness were destroyed by the officer. Defendant made no showing that the destroyed evidence was either favorable or material nor did he show any bad faith on the part of the officer who destroyed the notes.

Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 278 *et seq.*

[2] 21 Am Jur 2d, Criminal Law §§ 266, 269, 276.

Application of felony-murder doctrine where the felony relied upon is an includible offense with the homicide. 40 ALR3d 1341.

[3] 29 Am Jur 2d, Evidence § 986.

[4] 5 Am Jur 2d, Appeal and Error § 737.

[5] [No reference]

S. EVERETT, J., concurred with the majority's reversal of defendant's conviction of assault with intent to commit robbery, but dissented from the reversal of the murder conviction. He believes that, because defense counsel made no statement at all as to whether his client would or would not testify, depending upon the court's ruling on the suppression matter, and did not outline the nature of such testimony if there were to be any, any error in the court's decision not to suppress evidence of the prior convictions was waived. He would affirm the murder conviction and the conviction for possession of a firearm during the commission of a felony.

### OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — RULES OF EVIDENCE.

It is improper for a trial court to offer to suppress evidence of a defendant's prior convictions if the defendant agrees not to impeach the prosecution's witnesses; such action places the defendant in a position where the suppression issue rests upon his trial strategy decision instead of having the trial court make the decision based on proper considerations (MRE 609[a][2]).

2. CRIMINAL LAW — FELONY MURDER — LESSER INCLUDED OFFENSE — DOUBLE JEOPARDY.

Dual convictions for first-degree felony murder in the perpetration of an assault with intent to commit armed robbery and for the same assault with intent to commit armed robbery violate a defendant's rights against double jeopardy where there can be no conviction of the greater crime, first-degree felony murder, without conviction of the lesser crime, assault with intent to commit armed robbery (US Const, Ams V, XIV; Const 1963, art 1, § 15).

3. CRIMINAL LAW — EVIDENCE — DESTRUCTION OF EVIDENCE — DUE PROCESS.

A defendant's due process rights were not violated by destruction of illegible longhand notes taken by police during interviews with the prosecution's chief witness against defendant where the defendant made no showing that the destroyed evidence was either favorable or material and failed to show any bad faith on the part of the officer who destroyed the notes.

Partial Concurrence and Partial Dissent by S. Everett, J.

4. Criminal Law — Evidence — Prior Convictions.

  *A defendant, in order to preserve for review the issue of whether evidence of his prior convictions should have been suppressed, must (1) establish on the record that he will in fact take the stand and testify if evidence of his challenged prior convictions is excluded and (2) sufficiently outline the nature of his testimony so that the trial court and a reviewing court can do the necessary balancing of probative value versus prejudicial effect.*

5. Criminal Law — Evidence — Prior Convictions — Waiver.

  *Any error which may have occurred by a trial court's offer to suppress evidence of a defendant's prior convictions if the defendant would agree not to impeach the prosecution's chief witness against him was waived when defense counsel made no statement at all as to whether his client would or would not testify depending upon the court's ruling and failed to outline the nature of such testimony if there were to be any.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Richard B. Ginsberg,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. C. Riley, P.J., and R. B. Burns and S. Everett,* JJ.

Per Curiam. Defendant appeals as of right his July 1, 1980, jury convictions of first-degree felony murder, MCL 750.316; MSA 28.548, assault with intent to commit armed robbery, MCL 750.89; MSA 28.284, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2).

On April 3, 1978, defendant Gibson, Terry Rush,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and Edward Jones drove to a house where they knew marijuana was being sold. Defendant was armed with a .25 caliber revolver. Terry Rush was armed with a .38 caliber revolver. Rush entered the house and announced a holdup while defendant waited outside the door. A scuffle between Rush and the victim ensued, during which Rush's revolver discharged wounding the victim. Defendant then fired three or four shots through the storm door. The victim died as a result of multiple gunshot wounds, including a .25 caliber wound to the head. Rush pled guilty to manslaughter for his participation in the crime.

Eight issues are raised on appeal, two of which require reversal.

The trial court abused its discretion, according to defendant, in allowing four of defendant's five prior convictions to be admitted into evidence for impeachment purposes. MRE 609. Defendant's prior convictions were for attempted breaking and entering, carrying a concealed weapon, escape from prison, and breaking and entering on two occasions.

The court, in considering the prior convictions issue, was concerned with the impeachment of both defendant and Terry Rush. Rush was the prosecutor's chief witness and the court did not want to have Rush ruthlessly impeached and defendant to look like a "choir boy" when he was not one. The court told defendant that evidence of his prior convictions would be suppressed if he would agree not to impeach Rush. Defense counsel indicated that he would have to impeach Rush and that the court's decision would have a chilling effect on defendant's right to take the stand. The trial court noted its discretion on the matter and suppressed evidence on the escape conviction and

allowed the other convictions to be used for impeachment purposes.

A similar conditional ruling was involved in *People v Hayes,* 410 Mich 422; 301 NW2d 828 (1981). The *Hayes* trial court suppressed evidence of defendant's prior convictions but stipulated that, if defendant impeached the prosecution's witnesses by evidence of prior convictions, it would be fair for the prosecutor to so impeach defendant. The Supreme Court stated:

"Thus the ruling, excluding evidence of the defendant's prior conviction, was conditioned upon the defendant's willingness to forego impeachment of prosecution witnesses. The effect, of course, was to place admission or exclusion of defendant's prior conviction entirely within the control of defense counsel.

"We hold this to be reversible error." *Id.,* 424.

The trial court's decision in this case was improper. Defendant was placed in a position where the suppression issue rested upon his trial strategy decision. Defendant was entitled to a decision by the trial court based on proper considerations. See *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978), and MRE 609(a)(2), as amended May 14, 1980. Defendant's convictions, therefore, must be reversed.

Defendant also asserts that his convictions for felony murder and assault with intent to rob while armed violate the constitutional prohibitions against double jeopardy. US Const, Ams V, XIV; Const 1963, art 1, § 15. We agree. The Supreme Court recently spoke to this issue in *People v Wilder,* 411 Mich 328, 341-352; 308 NW2d 112 (1981). In *Wilder,* the defendant was convicted of felony murder and armed robbery. The Court held that the conviction for felony murder must be

vacated on the authority of *People v Aaron,* 409
Mich 672; 299 NW2d 304 (1980). The Court also
held that the "conviction and sentence for both
first-degree felony murder and the underlying fel-
ony violates the state constitutional prohibition
against double jeopardy, as the evidence needed to
prove first-degree felony murder requires proof of
the underlying lesser included felony". (Footnote
omitted.) *Wilder, supra,* 342. As a result, the Court
vacated the felony-murder conviction, eliminating
the double jeopardy violation, and allowed the
conviction of the lesser offense, armed robbery, to
stand. The option was then given to the prosecut-
ing attorney, in the interests of justice, to have the
trial court vacate the armed robbery conviction
and proceed with a new trial on both charges. *Id.,*
352-353.

In this case, there can be no conviction of the
greater crime, felony murder, without conviction
of the lesser crime, assault with intent to commit
armed robbery. Therefore, the dual convictions
violate double jeopardy considerations. *Wilder, su-
pra.*

Other issues raised by defendant will be dis-
cussed as necessary to avoid error on retrial. We
note that upon retrial of defendant for first-degree
felony murder *People v Aaron, supra,* 734, will
apply.

Defendant argues on appeal that he was denied
due process of law when the trial court ruled that
a particular written statement was inadmissible
hearsay. The statement was written down by a
police officer as given to the officer by Ms. Wesley.
Ms. Wesley, who lived down the street from where
the shooting occurred, died prior to trial. Her
statement was taken two days after the shooting
incident. The statement involved in this case does

not readily fall into any exception to the hearsay rules and lacks sufficient indicia of reliability to allow admission. The trial court did not abuse its discretion in excluding the statement.

Certain longhand notes taken by a police officer during interviews with Terry Rush were destroyed by the officer when she realized the notes were illegible. Defendant contends this violated due process. Defendant has made no showing that the destroyed evidence was either favorable or material, nor has he shown any bad faith on the part of the officer. See *People v Albert,* 89 Mich App 350, 352; 280 NW2d 523 (1979). Under the existent case law and the facts as developed, no error occurred.

Reversed.

S. EVERETT, J. *(concurring in part, dissenting in part).* I concur with the majority's reversal of defendant's conviction of assault with intent to commit robbery, but I must respectfully dissent from the reversal of his murder conviction.

The trial court's consideration of defendant's intent to cross-examine prosecution witnesses is barred by the decision in *People v Hayes,* 410 Mich 422; 301 NW2d 828 (1981). However, this Court in *People v Jones,* 98 Mich App 421, 431; 296 NW2d 268 (1980), cited, with approval, the following language from *United States v Cook,* 608 F2d 1175, 1186 (CA 9, 1979):

"In future cases, to preserve the issue for review, a defendant must at least, by a statement of his attorney: (1) establish on the record that he will in fact take the stand and testify if his challenged prior convictions are excluded; and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can do the necessary balancing contemplated in Rule 609."

I recognize that the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions is only one of the factors required to be considered under *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978). Nonetheless, I believe that compliance with the rule enunciated in *Jones* is essential if the trial judge is to have an adequate basis for the exercise of his discretion. Here defense counsel made no statement at all as to whether his client would or would not testify depending upon the court's ruling and, of course, did not outline the nature of defendant's testimony if he were to testify. I therefore believe the error was waived and that the murder conviction and the conviction for possession of a firearm during the commission of a felony should be affirmed.