# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 20, 2018

Plaintiff-Appellee,

v

No. 340687
Wayne Circuit Court
LC No. 2017-002985-01-FH

STUART WARREN ARGO, JR.,

Defendant-Appellant.

Before: GLEICHER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Defendant was convicted by a jury of operating a motor vehicle while intoxicated (third offense), MCL 257.625(1). Defendant was sentenced, as a repeat offender, MCL 257.625(9)(c), to one to five years' imprisonment. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This appeal arises from an incident where first responders found defendant unconscious at the wheel of a vehicle on December 8, 2016. Upon arriving at the scene, first responders observed a vehicle stopped in the right travel lane of Conner with defendant unconscious in the driver's seat, blocking traffic. After attempts to engage defendant were unsuccessful, first responders were eventually able to get defendant to open the door of the motor vehicle and be examined. As first responders spoke to defendant, they noticed that he looked disheveled, could not stand up straight, slurred his speech, and had a strong odor of alcohol on him. Police officers then arrived at the scene, however no field sobriety tests were performed on defendant because it was believed that he might injure himself. Additionally, there were no officers in the area who had access to a field breathalyzer, so defendant was transported to the Detroit Detention Center for a sobriety test with a data master machine. At the Center, defendant consistently blew a .20. The level for "super drunk" is .17.

At trial, responding officers testified that the police car they arrived in was equipped with a video recording device. The videorecorder would turn on to record the front of the car when the overhead lights were activated. Further the videorecorder had been inspected prior to their shift and was thought to be in working order on the night of the arrest. Defendant requested the police video after the arraignment, and the officer in charge of defendant's investigation, Officer Richard Schwab of the Detroit Police Department, immediately attempted to procure it, however

-1-

he was informed that the video had already been overwritten as 90 days had passed since the event.

At the close of the prosecution's case, defendant moved for a spoliation jury instruction. The trial court denied the motion finding that defendant had not provided evidence of bad faith to support a spoliation instruction. The jury found defendant guilty of operating a motor vehicle while intoxicated and the trial court sentenced defendant to one to five years' imprisonment in light of the fact that defendant was a repeat offender and had a significant history of drunk driving convictions. This appeal then ensued.

## II. ANALYSIS.

On appeal, defendant argues that the trial court erred in denying his request for a spoliation instruction because the Detroit Police Department acted in bad faith in failing to preserve the police video of the incident.

A trial court's determination whether a jury instruction applies to the facts of the case is reviewed for an abuse of discretion. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006), citing *People v Hawthorne*, 265 Mich App 47, 50; 692 NW2d 879 (2005), rev'd on other grounds 474 Mich 174 (2006). "The trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012), citing *People v Yost*, 278 Mich App 341, 353; 749 NW2d 753 (2008). Jury instructions that involve questions of law are reviewed de novo. *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010). An appellate court reviews factual findings, such as a finding of bad faith, for clear error. MCR 2.613(C). A finding is clearly erroneous if the appellate court is "left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011), citing *People v Burrell*, 417 Mich 439, 449; 339 NW2d 403 (1983).

Suppression of evidence favorable to a defendant violates the defendant's right to due process if the evidence is material to guilt or to punishment. *Arizona v Youngblood*, 488 US 51, 55; 109 S Ct 333; 102 L Ed 2d 281 (1988), citing *Brady v Maryland*, 373 US 83, 88; 83 S Ct 1194; 10 L Ed 2d 215 (1963). However, the failure of the police or prosecution to preserve potential evidence does not necessarily constitute a denial of due process. *Youngblood*, 488 US at 58. "The failure to preserve evidentiary material that may have exonerated the defendant will not constitute a denial of due process unless bad faith on the part of the police is shown." *People v Hanks*, 276 Mich App 91, 95; 740 NW2d 530 (2007), quoting *People v Hunter*, 201 Mich App 671, 677; 506 NW2d 611 (1993), citing *Youngblood*, 488 US at 57. "[A] defendant must prove that the missing evidence was exculpatory or that law enforcement personnel acted in bad faith." *Hanks*, 276 Mich App at 95. The Supreme Court reasoned in *Youngblood* that this standard limits the "extent of the police's obligation to preserve evidence to reasonable bounds and confines it to that class of cases where the interests of justice most clearly require it, *i.e.*, those cases in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant." *Youngblood*, 488 US at 58.

The routine destruction of evidence, such as police tapes or videos, does not constitute bad faith when the purpose is not to destroy evidence in anticipation of an upcoming trial.

*People v Johnson*, 197 Mich App 362, 365; 494 NW2d 873 (1992), citing *People v Albert*, 89 Mich App 350, 352; 280 NW2d 523 (1979). Negligence alone in this process does not establish the requisite bad faith. *Youngblood*, 488 US at 58. See also *Monzo v Edwards*, 281 F3d 568, 580 (CA 6, 2002) ("When the government is negligent, or even grossly negligent, in failing to preserve potentially exculpatory evidence, bad faith is not established.").

Here, not arguing that the evidence was likely exculpatory, defendant instead argues that the "institutionalized disregard," (i.e. the internal policy regarding overriding video evidence after 90 days) of the Detroit Police Department to take extra efforts to preserve evidence in only the most "high profile" cases constitutes bad faith sufficient to satisfy *Youngblood*. However, we cannot discern from defendant's brief on appeal any evidence to support his contention. In this case, defendant merely argues that the policy itself implies bad faith without offering any evidence of bad faith. However, this basis for defendant's argument, that the policy itself constitutes bad faith, is seemingly at odds with published case law on this issue. See, *Illinois v Fisher*, 540 US 544; 124 S Ct 1200; 157 L Ed 2d 1060 (2004) (holding that the destruction of evidence was in good faith and in accordance with the police's normal procedures); see also *People v Jones*, 301 Mich App 566; 837 NW2d 7 (2013) (holding that the destruction of evidence within the normal timeframe of the police procedures did not constitute bad faith, even though the destruction occurred before the defendant's formal arrest).

Additionally, defendant needed to demonstrate not only that police acted in bad faith by destroying the video evidence, *Hanks*, 276 Mich App at 95, but also that the evidence was not destroyed as part of a routine destruction of evidence for a purpose other than to destroy evidence in anticipation of an upcoming trial. *Johnson*, 197 Mich App at 365. However, defendant has failed to demonstrate either. In the absence of any evidence that the police acted in bad faith or that the evidence was destroyed as a means to prevent it from being produced in defendant's trial, we conclude that the trial court did not have a legal basis on which to give the spoliation instruction. Absent a legal rationale to give the spoliation instruction, the trial court's decision to reject the proposed instruction did not constitute error. Accordingly, defendant is not entitled to relief.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Jane M. Beckering