## PEOPLE v JOHNSON

Docket No. 135504. Submitted October 14, 1992, at Detroit. Decided
December 8, 1992, at 9:15 A.M. Leave to appeal sought.

Ricardo L. Johnson was convicted by a jury in the Recorder's
Court of Detroit, Michael J. Talbot, J., of larceny from a motor
vehicle and of being an habitual offender, fourth offense. The
defendant previously had pleaded guilty of larceny at his
arraignment in exchange for the prosecutor's promise not to
charge him with being an habitual offender, but he later
withdrew his guilty plea. The prosecutor filed the supplemental
information charging the defendant with being an habitual
offender on the day after the guilty plea was withdrawn. The
defendant appealed.

The Court of Appeals *held:*

1. The supplemental information charging the defendant
with being an habitual offender was promptly filed by the
prosecutor under these circumstances. The defendant was at all
times aware of the possibility of the filing of a supplemental
information and had adequate notice of the charge before the
trial.

2. The defendant's unsupported assertion that the police
deliberately destroyed evidence that was favorable to him is not
sufficient to support his claim that the police suppressed and
withheld evidence. The defendant must provide some other
evidence, even circumstantial, that supports the claim of delib-
erate destruction of evidence. Because the defendant failed to
make such a showing, the trial court did not err in refusing to
grant his motion to compel discovery.

Affirmed.

CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTAL INFORMA-
TIONS — WITHDRAWAL OF PLEAS.

A supplemental information charging a defendant with being an

REFERENCES

41 Am Jur 2d, Indictments and Informations §§ 1 *et seq.*; 21 Am
Jur 2d, Criminal Law §§ 481-482, 500-504.
See the ALR Index under Indictments and Informations; Plea
Bargaining.

habitual offender is timely where filed promptly after the defendant's withdrawal of a guilty plea previously entered in exchange for the prosecutor's promise not to file a supplemental information.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecutor, for the people.

*Charles Burke* and Ricardo L. Johnson, in propria persona, for the defendant.

Before: Shepherd, P.J., and Weaver and Taylor, JJ.

Per Curiam. Following a jury trial, defendant was convicted of larceny from a motor vehicle, MCL 750.356a; MSA 28.588(1), and of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Defendant was sentenced to a prison term of ten to twenty years. Defendant now appeals as of right. We affirm.

I

Defendant first contests the validity of the information charging him as an habitual offender. On March 6, 1990, defendant was arraigned on the larceny charge and pleaded guilty to that charge. As part of the plea agreement, the prosecutor agreed not to charge the defendant with being an habitual offender.

On April 10, 1990, defendant withdrew his guilty plea. The prosecutor filed the supplemental information on April 11, 1990. Defendant was given notice of it some time in April.

The prosecutor must file the supplemental infor-

mation promptly, at an early stage in the proceedings, to provide the accused with notice of the potential consequences should the accused be convicted of the underlying offense. MCL 769.13; MSA 28.1085. An information has been filed promptly if it is filed not more than fourteen days after the defendant is arraigned. *People v Shelton,* 412 Mich 565; 315 NW2d 537 (1982).

Defendant asserts that because the supplemental information charging him as an habitual offender was filed more than fourteen days after the filing of the original information, his conviction as an habitual offender should be vacated. We disagree.

When defendant withdrew his guilty plea, he reopened this matter to any of the charges that had been brought or could have been brought against him at the time his plea of guilty was entered. MCR 6.312. The prosecution promptly filed the supplemental information and gave the defendant notice of the new charge. Defendant was aware of the supplemental information at all stages of this proceeding, which enabled him to participate in a new, but unsuccessful, plea bargaining process. We find no error.

II

Defendant also complains that the prosecutor violated a discovery order and that the Detroit police suppressed and withheld evidence.

In his demand for discovery, defendant had requested the recordings of radio traffic relating to his arrest. In response, he received a tape that was substantially blank. Before trial, defendant sought to compel the production of the tape, which he asserted existed. The trial court, noting that defendant had not produced any proof of the tape's

existence, denied his request. Defendant now argues that the Detroit police, in bad faith, deliberately suppressed the tape because its contents supported his version of the evening's events.

Absent the intentional suppression of evidence or a showing of bad faith, a loss of evidence that occurs before a defense request for its production does not require reversal. *People v Albert,* 89 Mich App 350, 352; 280 NW2d 523 (1979). Similarly, the routine destruction of taped police broadcasts, where the purpose is not to destroy evidence for a forthcoming trial, does not mandate reversal. *Id.; People v Hardaway,* 67 Mich App 82, 86; 240 NW2d 276 (1976). Defendant bears the burden of showing that the evidence was exculpatory or that the police acted in bad faith. *People v Leo,* 188 Mich App 417, 427; 470 NW2d 423 (1991).

The trial court's order directing the Detroit police to retain any tapes from the night of defendant's arrest specified that anything relating to defendant be retained. The Detroit police then turned over to defense counsel a tape that was substantially blank. Defendant failed to provide any evidence, other than his own account of the events of the evening he was arrested, to support his assertion that the radio traffic would have been exculpatory. As noted by the trial court, defendant even failed to produce the individual who was with him and who was allegedly released by the police. Accordingly, we conclude that defendant has failed to show the existence of any evidence that would have been exculpatory and accordingly is not entitled to reversal.

Similarly, defendant's bald assertion that the Detroit police deliberately destroyed the tapes relating to his arrest is unsupported by anything other than his own testimony. Absent any other evidence, even circumstantial, we conclude that

the Detroit police did not deliberately destroy evidence. Defendant has not made the second showing required for reversal.

Absent any showing that the Detroit police deliberately destroyed evidence, the trial court did not err in denying defendant's motion to compel discovery.

We affirm defendant's convictions.