*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

MOHAMMED MOHAMMED-SA AL-KUHALI,

        Defendant-Appellee.

UNPUBLISHED
January 16, 2025
12:25 PM

No. 370278
Wayne Circuit Court
LC No. 23-002967-01-FH

Before: RIORDAN, P.J., and O'BRIEN and GARRETT, JJ.

PER CURIAM.

The prosecution appeals as of right the circuit court's order dismissing the charges against defendant. We reverse.

## I. BACKGROUND

On July 5, 2022, VH called an Uber, and defendant was the Uber driver that picked her up. VH sat in the passenger-side backseat. During the drive, defendant placed VH's hand on his back without her consent. He then told her to move to the front seat, and after she complied, defendant touched VH's breasts atop her clothing. VH attempted to remove his hand but could not. Defendant then placed VH's hand on his erect penis. VH eventually managed to exit the car, at which time she called her boyfriend, who called 911. VH spoke with Officer Turner[1] of the Wayne Police Department (WPD) about 20 minutes after the 911 call. The conversation was recorded on Officer Turner's body camera. Defendant was subsequently charged with two counts of fourth-degree criminal sexual conduct (CSC), MCL 750.520e, and a warrant was issued for defendant's arrest on October 4, 2022.

Thereafter, defendant learned that the body-camera footage of Officer Turner's interview of VH had been improperly destroyed, and defendant moved to dismiss the charges against him due to the destruction of this evidence. In response, the prosecution explained that the WPD's

---

[1] Officer Turner's first name was not provided on the record.

policy was to automatically overwrite body-camera footage 60 days after it was recorded because the department did not have the capacity to store all recordings indefinitely, and that, because the body-camera footage of Officer Turner's July 5, 2022 interview of VH had not been marked for preservation, it was automatically deleted in accordance with this policy.

The district court heard defendant's motion during the preliminary examination. In response to questioning by the court, defendant conceded that the issue was that Officer Turner's July 5, 2022 body-camera footage was not properly marked for preservation. The court then asked why the failure to mark the footage for preservation was not "human error," and defendant responded that "this was not human error but a part of [the department's] regular policy," and that the department had a "duty . . . to preserve" the footage. After hearing the parties' arguments, the district court found that defendant had failed to establish that the body-camera footage was destroyed in bad faith. The court reasoned that the footage was destroyed as part of a routine purging of recordings pursuant to department policy, and that the footage was included in this routine purging because it had not been marked for preservation. This, the district court opined, amounted to mere negligence, and "[n]egligence alone does not establish the requisite bad faith."

The case was bound over to circuit court, where defendant again moved to dismiss the charges against him on grounds that Officer Turner's July 5, 2022 body-camera footage was destroyed. After a brief hearing, the circuit court stated that it intended to grant defendant's motion in a written opinion. The circuit court issued its opinion dismissing the case on February 14, 2024. The circuit court opined that the WPD's policy "flies in the face of MCL 780.316(2)," which requires law enforcement agencies to retain audio and video recordings that are subject of ongoing criminal investigations and prosecutions. The court stated that the department had "a duty" to follow MCL 780.316(2), and that its destruction of the footage in this case "was not accidental" but "was done by the institution routinely in violation of the law." Agreeing with the district court, the circuit court found that there was no evidence that any particular officer intentionally destroyed Officer Turner's body-camera recording, but the circuit court reasoned that "the implementation of [the WPD's] unlawful policy" was "sufficient" to support a finding of bad faith. The circuit court accordingly dismissed the case. This appeal followed.

## II. STANDARD OF REVIEW

The prosecution argues that the circuit court erred by granting defendant's motion to dismiss the charges against him because the WPD did not act in bad faith when it destroyed Officer Turner's body-camera footage. We agree.

A lower court's ruling on a motion to dismiss is reviewed for an abuse of discretion. *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012). A trial court abuses its discretion when it chooses an outcome that falls outside the range of reasonable and principled outcomes. *Id*. Questions of law, such as whether a defendant's due-process rights were violated, are reviewed de novo. *People v Brown*, 330 Mich App 223, 229; 946 NW2d 852 (2019). A trial court necessarily abuses its discretion if it errs as a matter of law. *Id*. Findings of fact are reviewed for clear error. *Id*. at 234. A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id*.

-2-

III. ANALYSIS

The Fourteenth Amendment of the United States Constitution protects the due-process rights of criminal defendants. US Const, Am XIV. A defendant's due-process rights are violated if the prosecution suppresses evidence material to guilt or punishment, regardless of whether the suppression was done in bad faith. *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963). But the rule is different when, like here, the evidence that the government failed to preserve was only potentially useful. See *Arizona v Youngblood*, 488 US 51, 57; 109 S Ct 333; 102 L Ed 2d 281 (1988). In such cases, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id*. The defendant bears the burden of showing that the failure to preserve the evidence was done in bad faith. *People v Dickinson*, 321 Mich App 1, 16; 909 NW2d 24 (2017). Bad faith may be shown if, for instance, the defendant establishes that "the prosecution was engaged in gamesmanship" or deliberately attempted "to conceal the evidence." *People v Greenfield*, 271 Mich App 442, 454 n 9; 722 NW2d 254 (2006). The negligent destruction of evidence does not amount to bad faith. *Youngblood*, 488 US at 58. Similarly, "the routine destruction of" evidence when "the purpose is not to destroy [the] evidence for a forthcoming trial" does not constitute bad faith. *People v Johnson*, 197 Mich App 362, 365; 494 NW2d 873 (1992). See also *People v Jones*, 301 Mich App 566, 580-581; 837 NW2d 7 (2013).

For its finding of bad faith, the circuit court relied heavily on the fact that the WPD's recording-retention policy supposedly violated MCL 780.316, which provides in relevant part:

> (1) Except as provided in subsections (2) and (3), a law enforcement agency shall retain an evidentiary audio and video recording recorded by a body-worn camera for not less than 30 days from the date the recording is made.

> (2) A law enforcement agency shall retain audio and video recordings that are the subject of an ongoing criminal or internal investigation, or an ongoing criminal prosecution or civil action, until the completion of the ongoing investigation or legal proceeding.

> (3) A law enforcement agency shall retain audio and video recorded by a body-worn camera for not less than 3 years after the date the recording is made if the recording is relevant to a formal complaint against a law enforcement officer or agency.

It is undisputed that the WPD violated MCL 780.316(2) by failing to preserve Officer Turner's July 5, 2022 body-camera footage,[2] but nothing in the record supports the circuit court's finding that the WPD's recording-retention policy as a whole "flies in the face of MCL 780.316(2)" or

---

[2] The circuit court was not permitted to dismiss the case for this statutory violation alone because the Legislature did not specify dismissal as a remedy for a violation of MCL 780.316(2). See *People v Anstey*, 476 Mich 436, 449; 719 NW2d 579 (2006) ("[W]e hold that dismissal . . . is not an appropriate remedy for a statutory violation unless the statute clearly provides otherwise.").

constituted an "unlawful policy." The WPD is only required to retain body-camera footage for 30 days unless an exception applies. MCL 780.316(1). As explained in the district court, the WPD's policy was to automatically overwrite recordings not marked for preservation after 60 days. This is consistent with the requirements of MCL 780.316—pursuant to MCL 780.316(1), the WPD preserved all recordings for the required 30-day minimum, then overwrote the recordings not marked for preservation, i.e., the recordings not subject to MCL 780.316(2) or (3).[3]

The issue in this case arose because Officer Turner's July 5, 2022 body-camera footage was not marked for preservation, so it was destroyed as part of the WPD's routine purging of recordings. The failure to mark Officer Turner's July 5, 2022 body-camera footage for preservation was clearly negligent and led to the recording's destruction. But nothing suggests that the recording was destroyed to conceal it from defendant, see *Greenfield*, 271 Mich App at 454 n 9, or prevent its use in defendant's forthcoming trial, see *Johnson*, 197 Mich App at 365, and the negligent destruction of evidence by itself does not constitute bad faith, *Youngblood*, 488 US at 58. The circuit court thus clearly erred by finding that defendant established that the failure to preserve Officer Turner's July 5, 2022 body-camera footage was done in bad faith, and it necessarily abused its discretion by dismissing the case on the basis of a non-existent due-process violation. Accord *Jones*, 301 Mich App at 580-581 (affirming the trial court's refusal to dismiss charges against the defendant after the recording of the defendant's traffic stop was "automatically destroy[ed]" pursuant to "department policy" because the defendant "failed to present any evidence of bad faith on the part of the police department").

Reversed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Kristina Robinson Garrett

---

[3] The circuit court asserted that the WPD "routinely" destroyed recordings "in violation of the law," but the only instance in the record of the WPD destroying a recording in violation of any law was its destruction of Officer Turner's July 5, 2022 body-camera footage in violation of MCL 780.316(2).