*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SAMUEL JOSEPH HOWE,

        Defendant-Appellant.

UNPUBLISHED
June 15, 2026
10:16 AM

No. 373491
St. Clair Circuit Court
LC No. 24-001095-FH

Before: MARIANI, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of a prohibited person in possession of weapon ammunition, MCL 750.224f(7). Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 18 months of probation and one year in jail to be held in abeyance. We affirm.

## I. BACKGROUND

This case arises from defendant's possession of ammunition and its destruction before trial. On March 8, 2024, defendant called the police to arrest a wanted person with an outstanding warrant at his home. Police Officers William Hoppe and Caleb Paul arrested the fugitive, who asserted defendant assaulted him with brass knuckles. The officers later stopped defendant as he was leaving work and inquired about the allegations. Defendant consented to a search of his vehicle and officers found multiple rounds of ammunition in the center console and trunk. Dispatch informed the officers defendant was prohibited from possessing firearms and ammunition, and the officers arrested defendant. The ammunition was secured as evidence but not tested for DNA or functionality.

On March 26, 2024, the charges against defendant were procedurally dismissed because Officer Hoppe was unable to testify at the preliminary examination. On April 9, 2024, Detective Thomas Rumley, on learning the case was dismissed, cleared the evidence for destruction. Two days later the charges were reissued. Before trial, defense counsel sought to inspect the ammunition, and the prosecutor arranged an appointment. On learning the evidence was destroyed, defendant moved to dismiss the charges, which the trial court denied. At trial, defendant

-1-

asserted that the bullets found in his center console were filled with sand because he made jewelry and novelty items out of bullet casings, and that the ammunition found in his trunk was not his property. The jury found otherwise and returned a guilty verdict.

## II. ANALYSIS

Defendant argues his conviction should be vacated because the ammunition was exculpatory evidence and destroyed in bad faith before trial, violating his right to due process.

"[T]his Court reviews due process claims, such as allegations of a *Brady*[1] violation, de novo." *People v Dimambro*, 318 Mich App 204, 212; 897 NW2d 233 (2016) (quotation marks and citation omitted). De novo review means the Court reviews "the issues independently, with no required deference to the trial court." *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019).

"To warrant reversal on a claimed due-process violation involving the failure to preserve evidence, a defendant must prove that the missing evidence was exculpatory or that law enforcement personnel acted in bad faith." *People v Dickinson*, 321 Mich App 1, 16; 909 NW2d 24 (2017) (quotation marks and citation omitted). See also *People v Johnson*, 197 Mich App 362, 365; 494 NW2d 873 (1992). "To establish that exculpatory evidence is material, a defendant must show that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *People v Christian*, 510 Mich 52, 76; 987 NW2d 29 (2022) (quotation marks and citations omitted). "A reasonable probability means a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citations omitted). "When the evidence is only potentially useful, a failure to preserve the evidence does not amount to a due-process violation unless a defendant establishes bad faith." *Dickinson*, 321 Mich App at 16 (quotation marks and citation omitted).

We reject defendant's argument that the ammunition was exculpatory evidence, as it is not reasonably probable that the outcome of trial would have differed had the evidence not been destroyed.

Defendant was convicted of being a prohibited person possessing ammunition under MCL 750.224f(7), which states: "A person who possesses, uses, transports, sells, carries, ships, or distributes ammunition in violation of this section is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $5,000.00, or both." Ammunition is "any projectile that, in its current state, may be expelled from a firearm by an explosive." MCL 750.224f(10)(a). The fundamental question on appeal does not involve the suppression or failure to disclose evidence by the prosecution, but rather the failure to preserve the evidence because it was destroyed before trial.

In *Youngblood*, the Court held that "the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the

---

[1] *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963).

defendant." *Arizona v Youngblood*, 488 US 51, 57; 109 S Ct 333; 102 L Ed 2d 281 (1988). So too here, as no more can be said about the ammunition other than it could have been subjected to tests. However, Officer Paul did not have the ammunition tested for DNA because it was found in defendant's possession in his vehicle. "[U]nless the defendant can show the suppression of evidence, intentional misconduct, or bad faith, the prosecutor and the police are not required to perform DNA testing to satisfy due process." *Dickinson*, 321 Mich App at 16. Even if the ammunition was tested for DNA, the results would not exonerate defendant because the statute only requires possession of the ammunition.

Further, even if the ammunition found in defendant's center console was examined and contained sand as defendant claimed, defendant did not assert the ammunition found in his vehicle's trunk was also filled with sand and inoperable. Accordingly, defendant fails to establish that there was a reasonable probability the outcome of the proceeding would have been different had the evidence not been destroyed, meaning the evidence was not exculpatory. Because the evidence could have been "potentially useful," defendant must show the evidence was destroyed in bad faith to establish a due-process violation. See *Dickinson*, 321 Mich App at 16.

In addressing that burden, defendant asserts that the ammunition was destroyed in bad faith because the police knew there was a future trial, and the destruction violated departmental policy. Contrary to defendant's assertion, no evidence suggests the ammunition was destroyed in bad faith. Negligent destruction of evidence is not the equivalent of bad faith. *Youngblood*, 488 US at 58. "Similarly, the routine destruction of [evidence], where the purpose is not to destroy evidence for a forthcoming trial, does not mandate reversal." *Johnson*, 197 Mich App at 365. "Absent intentional suppression or a showing of bad faith, a loss of evidence that occurs before a defense request for its production does not require reversal." *People v Jones*, 301 Mich App 566, 580-581; 837 NW2d 7 (2013).

Defendant has not pointed to any specific police policy that was violated. The police department's policy on evidence collection and preservation states: "The department will retain as evidence any weapon used in the commission of the crime and any other evidence if the prosecuting attorney certifies that there is a need to retain that evidence in lieu of a photograph or other means of memorializing its possession by the department." The policy regarding "firearms and dangerous weapons" explains: "Forfeited property shall not be destroyed until the disposition of the case and the [Officer in Charge] OIC has signed off to do so." However, this specifically relates to firearms and dangerous weapons, not ammunition, as the policy does not include ammunition in the definition of firearms or dangerous weapons. The department's policy that discusses ammunition, entitled "Fireworks, Ammunition, and Hazardous Material," does not specify when destruction is proper. The broad policy under "[n]otification" related to "most cases involving evidence/property" states: "Upon a case disposition being received from the court or prosecutor's office, the OIC will be notified by the property section. The OIC will then appropriately clear the property within the [Court and Law Enforcement Management System] CLEMIS[2] property module." The "Disposition of Property" section explains: "Property that falls

---

[2] CLEMIS is a network for police data. US Department of Justice, *Oakland County (MI) Court and Law Enforcement Management Information System (CLEMIS)*, <

within the classifications of junk, contraband, unclaimed, hazardous or otherwise authorized by the OIC or Detective assigned will be destroyed."

Detective Rumley asserted that he followed departmental policy, and the evidence supports his contention. Detective Rumley received notification through court records that defendant's case was dismissed. Detective Rumley believed the dismissal was permanent, was not aware or informed the charges would be reissued, and did not know they were going to be reauthorized. With the case dismissed, Detective Rumley ordered the evidence destroyed. Detective Rumley asserted he would "[a]bsolutely not" have allowed destruction of the evidence had he known the charges would be reissued, and the case was going to trial.

Detective Rumley followed departmental policy after being notified of the case's initial disposition and destroyed the ammunition 14 days later. Although defendant contends it was in bad faith to destroy the evidence before the 21-day period permitting motions for reconsideration in court, neither the department's policy nor state law have that requirement. Defendant further asserts the police department violated MCL 750.483a(5)(a), which precludes "[k]nowingly" and "intentionally" destroying evidence "in a present or future official proceeding." There is no evidence the police department knew the case would be reinstated before destroying the ammunition. Even if the police department's actions were negligent, they do not equate to a showing of bad faith. *Youngblood*, 488 US at 58. Absent any showing the evidence was destroyed in bad faith, defendant's due-process argument fails.

Next, defendant asks this Court to modify the *Youngblood* bad-faith standard. However, Michigan courts—including the Supreme Court— have acknowledged and followed *Youngblood*. See *People v Anstey*, 476 Mich 436; 719 NW2d 579 (2006) (citing *Youngblood* and acknowledging the bad-faith standard), *Dickinson*, 321 Mich App at 16, *People v Heft*, 299 Mich App 69, 79; 829 NW2d 266 (2012), and *People v Hanks*, 276 Mich App 91, 95; 740 NW2d 530 (2007). Those decisions are controlling. MCR 7.215(J)(1).

Affirmed.

/s/ Philip P. Mariani
/s/ Christopher M. Murray
/s/ Sima G. Patel

---

https://www.ojp.gov/ncjrs/virtual-library/abstracts/oakland-county-mi-court-and-law-enforcement-management-information > (accessed April 6, 2026).